# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:15-CR-00329 DAD-BAM |
| Plaintiff, | Related Cases: |
| v. | Case No. 1:16-CR-00122 DAD-BAM<br>Case No. 1:16-CR-00123 DAD-BAM |
| JESSE MENDOZA, et al., | **ORDER FINDING RELATED CASES COMPLEX PURSUANT TO 18 U.S.C. §3161(h)(7)(B)(ii)** |
| Defendants. | |

_____/

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

GILBERTO ZARATE, et al.,

       Defendants.

_____/

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

CHRISTOPHER MARTINEZ, SR., et al.,

       Defendants.

_____/

The government orally moved on March 27, 2017 to deem these related cases complex. Each of the defendants in the above entitled cases orally joined in the request and made no objection.

Under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., a criminal defendant's trial must begin within 70 days of the date the indictment was filed or the defendant's initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). The statute, however, provides that certain periods of time are excluded from the 70–day calculation. 18 U.S.C. § 3161(h). Among the time periods excluded is:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). The court must set forth on the record, either orally or in writing, its reasons for finding that the ends of justice served by a continuance outweigh the interests in a speedy trial. *Id.*

Section 3161(h)(7)(B) contains the factors a judge must consider in determining whether to grant a continuance. Among the factors are whether the case is so unusual or complex that it would be unreasonable to expect adequate preparation within the required time frame, and whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel or deny counsel for either party reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B) (ii, iv). A case may be declared complex under the Speedy Trial Act if certain factors are met. The factors of complexity of a case are number of defendants, nature of the prosecution, or novel questions of fact or law preclude adequate preparation within the time limits. 18 U.S.C. §3161(h)(7)(B)(ii).

Having considered the factors, the Court finds that these related cases satisfy the requirements of 18 U.S.C. §3161(h)(7)(B)(ii). Here, seventeen defendants are charged with various drug and firearm offenses. These offenses require the production of voluminous discovery dealing with numerous wiretaps and other electronic discovery. Voluminous discovery has been identified by the government and will need to be produced to and evaluated by defense counsel.

The volume of the data requires unique technological expertise to index, sort, and manipulate the data in a manner useable by defense counsel. Based on these factors, the Court finds it is unreasonable to expect adequate preparation for trial within the remaining speedy trial time limit in this matter, and concludes that the ends of justice are served by declaring this case complex under 18 U.S.C. § 3161(h)(7)(B)(ii).

**ORDER**

Accordingly, this Court finds that these related cases are DEEMED COMPLEX pursuant to 18 U.S.C. §3161(h)(7)(B)(ii).

IT IS SO ORDERED.

Dated:   **March 28, 2017**            /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE