1  **CAROL ANN MOSES  #164193**
   Attorney at Law
2  7636 N. Ingram Ave., #104
3  Fresno, California  93711
   Telephone:  (559) 449-9069
4  Facsimile:    (559) 513-8530

5  Attorney for Defendant,

6  CHRISTOPHER VALDEZ

7

8  UNITED STATES DISTRICT COURT

9  EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,    CASE NO. 1:15-cr-00329-DAD-BAM

12         Plaintiff,    **REVISED STIPULATION  FOR ORDER TO PRODUCE DRUG EVIDENCE FOR RETESTING BY DEFENSE EXPERT& EVIDENCE TRANSPORT; [PROPOSED] ORDER THEREON**

13    v.

14  CHRISTOPHER VALDEZ,

15         Defendant.    **DATE: TBA**
   **JUDGE: BARBARA A. McAULIFFE**
16  **COURTROOM: 8**

17

18
   **IT IS HEREBY STIPULATED** by and between the parties, through their respective
19
   counsel, Carol Moses, attorney for Defendant Christopher Valdez and MELANIE ALSWORTH,
20
   counsel for the Government, that this Court order the Government to produce for qualitative and
21
22  quantitative retesting by a defense expert, controlled substance Exhibit #9, which the Government

23  intends to introduce in its case-in-chief. The Parties, upon this court's consideration of the

24  arguments and pleadings filed, request in accordance with Fed. R. Crim.P. 16(a)(1) (E)  the entire
25
   exhibit for quantitative retesting and extract a sample of sufficient size for retesting to perform the
26
   qualitative analysis of Exhibit #9, Case Number 786010150042; DEA Laboratory Number 201-
27
28  SFL7-02481 be produced.

Mr. Valdez is charged with 21 U.S.C. §841(a)(1) – Distribution of and Possession with Intent to Distribute a Controlled Substance (Methamphetamine) and 21 U.S.C. §846(a)(1) – Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance (Methamphetamine). Mr. Valdez has not accepted the Government's proposed plea agreement, in part because he disputes the stated qualitative and quantitative analysis of the drugs for which he is allegedly responsible.

Trial in this matter is currently scheduled for December 11, 2018.

The Parties further stipulate the Government will deliver, in a manner it deems consistent with the type and quantity of the controlled substance at issue, Exhibit #9, as identified above to the defense expert, who has been specifically identified as Minh Tran, a Forensic Toxicologist/Forensic Scientist, at Drug Detection Laboratories, Inc., which is physically located at 9700 Business Park Drive, #407, Sacramento, CA 95827, telephone number (916) 366-3113, and with a mailing address of 9700 Business Park Drive, #407, Sacramento, CA 95827.

Mr. Tran represents to the Court and shall present to the Court in advance of taking possession of the controlled substance, and as a prerequisite to the delivery of Exhibit #9, a current and valid DEA registration, (RD0500707), sufficient to perform the qualitative and quantitative analyses of the schedule of the controlled substance at issue, in accord and in full compliance with the applicable DEA registration procedures, found at 21 C.F.R. Section 1301.11 et seq.

Upon delivery of Exhibit #9 to Mr. Minh Tran, the defense expert, Mr. Tran shall weigh the entire exhibit, and draw a sample for analysis. Mr. Tran shall sign a chain of custody form for the sample of Exhibit #9. Mr. Tran will conduct the identification and quantitative and qualitative analysis as agreed upon by the Parties.

In accordance with Fed.R.Crim.P.16(b)(1)(B), counsel for Mr. Valdez will provide the

Government with a copy of the results or reports of the analyses under the Court's Order.

The Parties further stipulate that any reweighing of Exhibit #9 will be conducted first and separately from any retesting involving qualitative and or quantitative analyses of the exhibit.

The Defense and Government agree to coordinate a convenient date and time for the analysis which shall be within thirty days of the Court's Order.

The Parties further agree that the Defense Expert's analysis may be observed by a Government law enforcement officer who reserves the right to videotape the analysis or any portion thereof.

The Defense Expert will be responsible for safeguarding the exhibit, and preserving the chain of custody in a manner to faithfully protect its integrity.

The Defense Expert will be responsible for repackaging the internal exhibit package into a heat-sealed evidentiary envelope, which shall be placed into a separate heat-sealed envelope, which shall be secured in such a manner that tampering will be readily observable.

Upon completion of any other reanalysis, the Defense Expert shall return any residual substance and its original packaging to the law enforcement officer or agent who originally delivered Exhibit #9 to the Defense Expert.

All re-analysis will be completed within ten calendar days from the date of receipt of Exhibit #9. Return of any residual substance and its original packaging must occur within five calendar days following completion of the reanalysis.

The Parties stipulate any failure to follow the aforementioned procedures will render the re-analysis results scientifically unreliable, as those terms are used in the Federal Rules of Evidence or its state equivalent.

The Defense further agrees that any failure by the Defense to maintain the proper chain of custody will not render Exhibit #9, DEA Case Number 786010150042, DEA Laboratory Number

2015-SFL7-02481 inadmissible evidence.

## CONCULSION

The Parties hereby request the Court to order the above stipulations between the Parties regarding the retest of Exhibit #9, Case Number 786010150042; DEA Laboratory Number 201-SFL7-02481, which the Government intends to introduce in its case-in-chief, and that Exhibit #9 be produced for qualitative and quantitative retesting in advance of trial on December 11, 2018.

Dated:  July 10, 2018                           /s/ Carol Ann Moses
                                                CAROL ANN MOSES
                                                Attorney for Defendant,
                                                CHRISTOPHER VALDEZ

Dated: July 10, 2018                            /s/Anthony Capozzi
                                                ANTHONY CAPOZZI
                                                Attorney for Defendant,
                                                JESSE MENDOZA

Dated:  July 10, 2018                           /s/ Melanie Alsworth
                                                MELANIE ALSWORTH
                                                Assistant U.S. Attorney

## [PROPOSED] ORDER

The Court, having reviewed the above request **HEREBY ORDERS AS FOLLOWS:**

1. The Parties' Stipulation requesting an Order that requires the Government to produce for qualitative and quantitative retesting by a Defense expert, Exhibit #9, is hereby granted and the Government is hereby ordered and decreed, in accordance with Fed. R. Crim. P.16 (a)(1) (E), to produce Exhibit

#9 to the Defense Expert so that the Defense may perform the qualitative and quantitative analysis as requested.

The above Stipulation by the Defense and the Government with regard to specific agreements between the Parties is adopted as terms for the Order of the Court in Case 1:15-CR-00329 DAD BAM.

The hearing set for July 23, 2018 is VACATED.


IT IS SO ORDERED.

Dated:   **July 10, 2018**                          /s/ *Barbara A. McAuliffe*
                                                           UNITED STATES MAGISTRATE JUDGE