McGREGOR W. SCOTT
United States Attorney
MELANIE L. ALSWORTH
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:15 CR 00329 DAD-BAM |
| Plaintiff, | STIPULATION AND ORDER TO PRODUCE EXHIBITS FOR CHEMICAL ANALYSIS |
| v. | |
| JESSE MENDOZA AND CHRISTOPHER VALDEZ, | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between McGregor W. Scott, United States Attorney and Melanie L. Alsworth, Assistant United States Attorney, and Anthony Capozzi, attorney for defendant Jesse Mendoza, and Carol Moses, attorney for defendant Christopher Valdez, that upon the defendants' request for the Government to produce methamphetamine seized from the defendant(s), namely ATF Exhibits 4, 7, 9, 14, 81 and 83, for inspection, weighing and qualitative and quantitative testing by a private toxicologist retained by the defendants, the Government and the defendants have agreed as follows:

That in accordance with Fed. R. Crim. P. 16(a)(1)(E), that the Government will, within ten days of receipt by the ATF of the above-identified exhibits from the DEA Laboratory, deliver in a manner it deems consistent with the type and quantity of controlled substance at issue, Exhibits 4, 7, 9, 14, 81 and 83, to the defense expert Minh Tran, Forensic Toxicologist/Forensic Scientist, at Drug Detection

Laboratories, Inc., 9700 Business Park Drive #407, Sacramento, California 95827, telephone number 916-366-3113. Mr. Tran shall possess and present in advance, as a prerequisite to the delivery of the exhibits, a current and valid DEA registration sufficient to perform the qualitative and quantitative analyses of the schedule controlled substance at issue, in accord and in full compliance with the applicable DEA registration procedures, found at 21 C.F.R. § 1301.11 et seq.; and

That upon delivery of the controlled substance to the defense expert, the expert will allow agents to observe the re-weighing of each exhibit. The expert will also allow agents to observe the defense expert's removal of a representative sample from the evidence (no more than 500 mg per exhibit) for retesting. The ATF agents will then re-seal the evidence and return it to their storage. The expert will thereafter sign for receipt of the representative sample. The defense expert will conduct the identification and quantitative analysis ordered herein, and will provide the Government with a Declaration Under Penalty of Perjury pursuant to 28 U.S.C. § 1746. The Declaration will state the quantity of the each exhibit consumed during analysis (if any) as well as the weight of each exhibit both received from and returned to the Government. The Declaration will be delivered to the Government immediately upon completion of the analyses ordered herein;

That in accordance with Fed. R. Crim. P. 16(b)(1)(B), the defendant will provide the Government with a copy of the results or reports of the analyses under this Order;

That the defense agrees that any reweighing of the exhibits will be conducted first and separately from any retesting involving qualitative and/or quantitative analyses of the laboratory exhibits;

That the defense expert is responsible for safeguarding the exhibit(s)/sample(s), preserving the chain of custody in a manner to faithfully protect its integrity;

That the defense expert is responsible for repackaging each internal sample/exhibit package into a heat-sealed evidentiary envelope, which heat-sealed container shall be placed into a separate heat-sealed envelope, which shall be secured in such a manner that tampering will be readily observable. The heat-sealed envelopes will be provided by the agents upon delivery of the exhibits;

That upon completion of any other reanalysis, the defense expert will return any residual substance and its original packaging to the law enforcement officer. The method can be secured delivery services (i.e., barcode tracking systems) offered by the United States Postal Service (such as

registered mail) or by a commercial carrier;

That all reanalysis will be completed within ten (10) calendar days from the date of receipt of the sample(s)/exhibit(s).  Return of any residual substance and its original packaging will occur within five (5) calendar days following completion of the reanalysis;

That any failure to follow the aforementioned procedures will render the reanalysis results scientifically unreliable, as those terms are used in the Federal Rules of Evidence or its state equivalent;

That any failure by the defense to maintain the proper chain of custody will not render the ATF Exhibits and the corresponding DEA laboratory analyses inadmissible for this reason.

IT IS SO STIPULATED.

Dated:  November 15, 2018

   /s/ Melanie L. Alsworth
MELANIE L. ALSWORTH
Assistant United States Attorney


Dated:  November 15, 2018

   /s/ Anthony Capozzi
ANTHONY CAPOZZI
Counsel for Defendant
Jesse Mendoza


Dated:  November 15, 2018

   /s/ Carol Moses
CAROL MOSES
Counsel for Defendant
Christopher Valdez

**<u>ORDER</u>**

IT IS HEREBY ORDERED in accordance with Fed. R. Crim. P. 16(a)(1)(E), that the Government shall, within ten days of receipt by the ATF of the above-identified exhibits from the DEA Laboratory, deliver in a manner it deems consistent with the type and quantity of controlled substance at issue, Exhibits 4, 7, 9, 14, 81 and 83, to the defense expert Minh Tran, Forensic Toxicologist/Forensic Scientist, at Drug Detection Laboratories, Inc., 9700 Business Park Drive #407, Sacramento, California 95827, telephone number 916-366-3113. Mr. Tran shall possess and present in advance, as a prerequisite to the delivery of the exhibits, a current and valid DEA registration sufficient to perform the qualitative and quantitative analyses of the schedule controlled substance at issue, in accord and in full compliance with the applicable DEA registration procedures, found at 21 C.F.R. § 1301.11 et seq.; and

IT IS FURTHER ORDERED that, upon delivery of the controlled substance to the defense expert, the expert shall allow agents to observe the re-weighing of each exhibit. The expert shall also allow agents to observe the defense expert's removal of a representative sample from the evidence (no more than 500 mg per exhibit) for retesting. The ATF agents shall then re-seal the evidence and return it to their storage. The expert will thereafter sign for receipt of the representative sample. The defense expert shall conduct the identification and quantitative analysis ordered herein, and shall provide the Government with a Declaration Under Penalty of Perjury pursuant to 28 U.S.C. § 1746. The Declaration will state the quantity of the each exhibit consumed during analysis (if any) as well as the weight of each exhibit both received from and returned to the Government. The Declaration shall be delivered to the Government immediately upon completion of the analyses ordered herein; and

IT IS FURTHER ORDERED that, in accordance with Fed. R. Crim. P. 16(b)(1)(B), the defendant shall provide the Government with a copy of the results or reports of the analyses under this Order; and

IT IS FURTHER ORDERED that:

(1)     The defense agrees that any reweighing of the exhibits will be conducted first and separately from any retesting involving qualitative and/or quantitative analyses of the laboratory exhibits;

(2)     The defense shall coordinate with the Government a convenient date and time for the

analyses ordered herein, which date shall be within thirty (30) days of the date of that the exhibits are returned to the ATF by the DEA Laboratory;

(3)     The defense expert shall allow agents to observe the re-weighing of the methamphetamine exhibits.  The expert shall also allow agents to observe the defense expert's removal of a representative sample from each evidence (no more than 500 mg per exhibit) for retesting;

(4)     The defense expert is responsible for safeguarding the exhibit(s)/sample(s), preserving the chain of custody in a manner to faithfully protect its integrity;

(5)     The defense expert is responsible for repackaging each internal sample/exhibit package into a heat-sealed evidentiary envelope, which heat-sealed container shall be placed into a separate heat-sealed envelope, which shall be secured in such a manner that tampering will be readily observable.  The heat-sealed envelopes will be provided by the agents upon delivery of the exhibits;

(6)     Upon completion of any other reanalysis, the defense expert shall return any residual substance and its original packaging to the law enforcement officer.  The method can be secured delivery services (i.e., barcode tracking systems) offered by the United States Postal Service (such as registered mail) or by a commercial carrier;

(7)     All reanalysis must be completed within ten (10) calendar days from the date of receipt of the sample(s)/exhibit(s).  Return of any residual substance and its original packaging must occur within five (5) calendar days following completion of the reanalysis.

(8)     Any failure to follow the aforementioned procedures will render the reanalysis results scientifically unreliable, as those terms are used in the Federal Rules of Evidence or its state equivalent;

(9)     Any failure by the defense to maintain the proper chain of custody will not render the ATF Exhibits and the corresponding DEA laboratory analyses inadmissible for this reason.


IT IS SO ORDERED.

Dated:   **November 27, 2018**          ___/s/ *Barbara A. McAuliffe*___
                                        UNITED STATES MAGISTRATE JUDGE